UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 10-45-HRW

THERSA TOLLE RIZZO,
and BEVERLY SINDERS as
CO-EXECUTORS OF THE ESTATE OF
HOWARD L. TOLLE,                                                   PLAINTIFFS,

v.            MEMORANDUM OPINION AND ORDER

GGNSC HOLDINGS, LLC
d/b/a GOLDEN HORIZONS
d/b/a GOLDEN LIVING and
GGNSC VANCEBURG, LLC
d/b/a GOLDEN LIVING CENTER-VANCEBURG,              DEFENDANTS.

This matter is before the Court upon Defendant's Motion for Relief from Remand Order [Docket No. 11].

Plaintiffs initiated this civil in the Lewis County Circuit Court. In their Complaint, they allege that the Defendants were negligent in their care of their decedent Harold Tolle while he was a resident at Defendants' nursing care facility in Vanceburg, Kentucky [Docket No. 1-1].

Defendants filed a Notice of Removal, alleging diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, Defendants stated that Plaintiffs were citizens of Kentucky and that the Defendants were corporate residents of Delaware, with their principal place of business in Arkansas [Docket No. 1].

Defendants further claimed that the amount in controversy met or exceeded the jurisdictional prerequisite.

Plaintiff, thereafter, filed a Motion for Remand [Docket No. 4], stating that Defendants' principal place of business is in Kentucky, thereby defeating diversity. In support of their motion, Plaintiffs filed a form from the Kentucky Secretary of State entitled "Amended 2010 Annual Report", which identifies GGNSC Vanceburg, LLC d/b/a Golden Living Center's principal office address in Kentucky.

This Court sustained Plaintiffs' motion [Docket No. 6]. Defendants seek reconsideration of the Court's decision regarding remand. Defendants urge that this Court may exercise jurisdiction over this matter and the Order remanding the matter to state court should be vacated. The Court ordered the parties to brief the issue of jurisdiction [Docket No. 9]. The parties have complied with the Court's Order [Docket Nos. 10 and 12].

28 U.S.C. § 1332 provides, in pertinent part:

> a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States

28 U.S.C. § 1332.

In this case, there is no contention that the amount in controversy falls short of the jurisdictional amount. Nor is there is a dispute as to the citizenship of Plaintiffs. The issue is the citizenship of Defendants.

Defendants are limited liability companies [Docket No. 11-1, Affidavit of Holly Rasmussen-Jones]. As such, their citizenship is to be determined by the citizenship of their members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)(internal citations omitted). According to the affidavit filed by Defendants herein, GGNSC Holdings, LLC d/b/a Golden Horizons d/b/a Golden Living's sole member is Drumm Investors, LLC, located in California. Defendant GGNSC Vanceburg, LLC d/b/a Golden Living Center-Vanceburg's sole member is GGNSC Equity Holdings, also located in California. The directors of each company are located in Arkansas.

With regard to the document relied upon by Plaintiffs, it is not evidence of the Defendants' citizenship. Rather, it a form required to be filed by limited liability companies operating in Kentucky which verifies compliance with KRS 275.115 which, in turn provides that foreign LLC's maintain a registered office in Kentucky. Thus, while it proves that Defendants are operating legally in Kentucky, it does not provide evidence as it citizenship for the purposes of

establishing jurisdiction.

Based upon the record, the Court finds that the requirements of 28 U.S.C. §1332 have been met. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Remand Order [Docket No. 11] be **SUSTAINED. IT IS FURTHER ORDERED** that the Court's Order remanding this matter to Lewis County Circuit Court [Docket No. 6] be **VACATED**.

This __15__ day of September, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge