UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 10-45-HRW

THERSA TOLLIE RIZZO, et al.,                                    PLAINTIFFS,

v.                    **MEMORANDUM OPINION AND ORDER**

GGNSC HOLDINGS, LLC, et al.,                                    DEFENDANTS.

This matter is before the Court upon Defendants' Motion to Dismiss or in the Alternative to Stay the Lawsuit Pending Arbitration Proceedings [Docket No. 5].

### I. BACKGROUND

This is an action alleging negligence in the care and treatment provided to Harold L. Tolle while he was a resident at Golden Living Center-Vanceburg, located in Lewis County, Kentucky. The suit is brought on behalf of Harold L. Tolle by Theresa Tolle and Beverly Sinders as Co-Executors of the estate of Harold L. Tolle.

In seeking a dismissal, or, in the alternative, a stay of these proceedings, Defendants argue that the signed, valid Arbitration Agreement encompass the claims made in this lawsuit and mandates that the matter be dismissed and Plaintiff compelled to arbitrate this dispute. The Court agrees.

On or about June 30, 2008, during Harold L. Tolle's admission as a resident at Golden Living Center-Vanceburg, his legal representative, Theresa Tolle, executed the Resident and Facility Arbitration Agreement. Theresa Tolle, at that time, was Mr. Tolle's designated Power of Attorney/attorney in fact, with very broad power. Under the plain terms of the Arbitration Agreement, the parties agreed that any disputes arising out of Harold L. Tolle's residency at

Golden Living Center-Vanceburg must be submitted to binding arbitration in accordance with the Agreement.

The Agreement provides in pertinent part as follows:

It is understood and agreed by Facility and Resident that any and all claims, disputes, controversies (hereinafter collectively referred to as "claims") arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration…

…This agreement to arbitrate includes, but is not limited to, any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right granted to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards, as well as any and all claims for equitable relief or claims based on contract, tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of fact, or inducement.

It is the intention of the parties to this Arbitration Agreement that it shall inure to the benefit of and bind the parties, their successors, and assigns, including without limitation the agents, employees and servants of the Facility, and all persons whose claim is derived through or on behalf of the Resident, including any parent, spouse, sibling, child, guardian, executor, legal representative, administrator, or heir of the Resident. The parties further intend that this agreement is to survive the lives or existence of the parties hereto.

THE PARTIES UNDERSTAND AND AGREE THAT THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES, AND THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, THE PARTIES ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO HAVE ANY CLAIM DECIDED IN A COURT OF LAW BEFORE A JUDGE AND A JURY, AS WELL AS ANY APPEAL FROM A DECISION OR AWARD OF DAMAGES.

[Docket No. 5-3, emphasis in original].

## II. ANALYSIS

In this case, the parties have stipulated in the Arbitration Agreement at issue here that it is governed by and interpreted under the Federal Arbitration Act ("FAA"). The FAA provides that a "written provision in any ... contract ... to settle by arbitration" any future controversy arising out of such contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA manifests federal policy strongly favoring arbitration. *See generally, Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).

It is well settled that Courts must resolve any doubts in favor of arbitration. *Ferro Corp. v. Garrison Industries, Inc.*, 142 F.3d 926, 932 (6th Cir. 1998) (where the Court was "mindful of the Supreme Court's teaching that '[t]he arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay or like defense arbitrability.'").

In this case, Plaintiff's claims are related to the care provided to Mr. Tolle. They fall squarely within the language of the Arbitration Agreement.

The United States District Court in the Western District of Kentucky upheld an Arbitration Agreement similar to the Agreement at bar. *Holifield v. Beverly Health and Rehabilitation Services, Inc.*, 2008 WL 2548104, (W.D.Ky., 2008), The plaintiff in *Holifield* filed a lawsuit alleging negligence in the care and treatment rendered to Ronald Sweeney while he was a resident at the Mt. Holly nursing home. The actual plaintiff was Martha Holifield, who

3

was the guardian of the Estate of Ronald A. Sweeney. On February 16, 2007, Holifield, acting on behalf of Mr. Sweeney, secured his admission to Mt. Holly. On that day, Mt. Holly provided Ms. Holifield with numerous documents to sign as part of the admission process. Among those documents was the Arbitration Agreement. Holifield executed the Arbitration Agreement on behalf of Sweeney and had the power to do so based upon a valid power of attorney. At the outset of the litigation, Mt. Holly moved the court to enforce the Arbitration Agreement by ordering the parties to resolve the dispute through arbitration. Holifield opposed the enforcement of the Arbitration Agreement under the FAA and Kentucky's common law. The court rejected Holifield's arguments by noting that the Federal Arbitration Act evidences a preference for arbitration. *Id.* at *2. The court went on to determine that the Arbitration agreement was valid pursuant to the fundamental principles governing Kentucky contract law. *Id.*

In this case, the Arbitration Agreement provision that it "shall inure to the benefit of and bind the parties"… "including … and all persons whose claim is derived through or on behalf of [Mr. Tolle], including any parent, spouse, sibling, child, guardian, executor, legal representative, administrator, or heir of [Mr. Tolle]," makes it clear that it was Mr. Tolle's intent to bind not only himself, but his estate.

Regardless of this unequivocal language, Plaintiffs contend that the very nature of a wrongful death cause of action places it outside the terms of the Arbitration Agreement because it is an independent cause of action based on the Kentucky Wrongful Death Act, KRS § 411.130.

Plaintiff's interpretation of the statute is incorrect. Indeed, the statute itself says that when "the death of a person results from an injury inflicted… the action shall be prosecuted by the personal representative of the deceased." KRS 411.130(i).

4

Detracting further from their argument, Plaintiffs cite to four decisions rendered by state courts in Ohio, Missouri, Utah and Washington, all with different wrongful death schemes than Kentucky.

In this case, the Court finds no legal or factual basis upon which to ignore the Agreement. It is undisputed that Theresa Tolle Rizzo executed a valid Arbitration Agreement on Mr. Tolle's behalf on June 30, 2008 and, at the time of execution, Ms. Rizzo served as Mr. Tolle's attorney-in-fact. She was not induced by fraud or duress. Nor is there evidence that Ms. Rizzo did not have an opportunity to understand any of the terms of the Agreement or their effect. Plaintiffs' claims fall within the Agreement; and, the Agreement, on its face, requires Plaintiffs' claims to be submitted to binding arbitration.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or in the Alternative to Stay the Lawsuit Pending Arbitration Proceedings [Docket No. 5] be **SUSTAINED. IT IS FURTHER ORDERED** that the parties are ordered to resolve this dispute in accordance with the terms of the arbitration agreement executed by and between the parties. This matter is hereby **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

This 29th day of September, 2011.



Henry R. Wilhoit, Jr., Senior Judge